**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**EUSTAQUIO TRUJILLO,**

    **Plaintiff,**

vs.                                                                                                                          Civ. No. 07-418 RHS

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

1. THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand Decision of the Commissioner, filed September 20, 2007 **[Doc. No. 12]**. Plaintiff, Eustaquio Trujillo, seeks judicial review of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). Plaintiff's claim for DIB was denied initially and on reconsideration. (Administrative Transcript ("Tr.") at 23). Following a hearing, an Administrative Law Judge ("ALJ") denied Plaintiff's claim in a decision issued on August 13, 2004. (Tr. at 23-28). The Appeals Council subsequently denied Plaintiff's request for review of the ALJ's decision. (Tr. at 6). Thus, the Commissioner's decision became final.

2. On July 7, 1998, Plaintiff applied for DIB alleging "that he became disabled on December 31, 1982 due to a lack of strength and back pain." (Tr. at 23, 24, 57).[1] Plaintiff was born on July 17, 1939, has completed seventh grade of school, and has worked in the past in the upholstery business. (Tr. at 145, 166, 263, 265).

---

[1] Page two of a Disability Adult Report dated 9/12/02 indicates both that Plaintiff "stopped working in 1983" and became "unable to work" on 12/31/1987. (Tr. at 160). An earlier Disability Adult Report dated 6/19/01 indicates that Plaintiff stopped working on 12/31/86. (Tr. at 144).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests.  Id. (citation omitted).

4. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson, 987 F.2d at 1486 (citing 42 U.S.C. § 423 (d)(1)(A)); see also § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a-f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

5. At the first four levels of the evaluation, the claimant must show:  (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt. P, App.1; or (4) that he is unable to perform work done in the past.  At the fifth step, the Commissioner must produce evidence regarding the claimant's ability to perform other work.  Reyes v. Bowen, 845 F.2d 242, 243 (10th Cir. 1988).

6. The ALJ found that Plaintiff "was not under a 'disability' as defined in the Social Security Act, at any time through the date last insured [("DLI")[2]] (20 CFR § 404.1520(c))."  (Tr.

---

[2]The parties do not dispute that Plaintiff's DLI is December 31, 1987.

at 27 ¶ 5). Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ erred at step two of the sequential evaluation in failing to find the existence of a severe impairment on or before Plaintiff's DLI; (2) the ALJ erred because he did not obtain the services of a medical advisor in accordance with Social Security Ruling ("SSR") 83-20; (3) the ALJ failed to properly consider Plaintiff's allegations regarding his symptoms; and (4) the ALJ failed to properly consider Dr. Dixon's statements. (See Plaintiff's Memorandum Brief in Support of Motion at 5-7, filed Sept. 20, 2007 **[Doc. No. 13]**).

7. Defendant contends that the ALJ properly considered both Plaintiff's allegations and Dr. Dixon's statement, and that Plaintiff failed to meet his burden at step two of demonstrating the existence of a severe impairment prior to his DLI. Defendant also argues that the ALJ did not need to consult a medical advisor because "the record already contains two medical statements that attempt to retrospectively evaluate Plaintiff's condition." (Defendant's Response to Plaintiff's Motion at 8, filed Dec. 19, 2007 **[Doc. No. 16]**).

8. In this case, the Court concludes that it cannot properly address the parties' arguments because it is unable to determine the underlying rationale for the ALJ's decision. In denying Plaintiff's claim, it is not clear whether the ALJ: (1) concluded that Plaintiff was not disabled at any time through the date of his decision, or (2) determined that Plaintiff's onset of disability did not occur on or before his DLI. These approaches are mutually exclusive, as there is generally no need to determine the onset of disability where there is no finding of disability. See, e.g., Key v. Callahan, 109 F.3d 270, 274 (6th Cir. 1997).

9. On one hand, the ALJ explicitly found that Plaintiff "was not under a disability as defined in the Social Security Act, at *any* time through the date of this decision (20 CFR §

404.1520(c))." (Tr. at 27 (emphasis added)).  That statement, coupled with the ALJ's failure to identify a date on which Plaintiff's disability began, indicates that the ALJ made his decision without utilizing SSR 83-20 to establish a date of onset.[3]  On the other hand, the ALJ explicitly referred to SSR 83-20 and devoted three full paragraphs to discussing the determination of onset of disability in "slowly progressive impairments." (Tr. at 25).  That discussion implies a presumption of disability and indicates that the ALJ applied SSR 83-20 to determine the onset of Plaintiff's disability.[4]  The Court is unable to determine which of these mutually exclusive approaches the ALJ used in reaching his decision.

10.  The ALJ's decision must be evaluated solely on the reasoning and analysis set forth in his decision.  See Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (citation omitted).  However, the internal inconsistencies in the ALJ's decision prevent the Court from evaluating his reasoning and determining whether the decision is supported by substantial evidence.[5]  "The court may not reweigh the evidence or try the issues de novo or substitute its judgment for that of the Secretary." Trimiar v. Sullivan, 966 F.2d 1326, 1328 (10th Cir. 1992).

---

[3]Such an approach is problematic, given the Commissioner's previous determination that Plaintiff was disabled as of July 1, 1998, pursuant to his application for benefits under Title XVI of the Act.  (Tr. at 44).  See, e.g., Kelly v. Astrue, 2007 WL 2021923, at *2 (D.Me. Jul. 11, 2007) (slip copy) (citing Perkins v. Chater, 107 F.3d 1290, 1295 (7th Cir. 1997)) (noting that "[a]n official SSI disability finding typically supplies the predicate for triggering of the duty to infer disability onset date pursuant to SSR 83-20").

[4]This approach is also problematic, because the ALJ does not identify the date of onset of Plaintiff's disability.  See SSR 83-20 (Introduction) (explaining that "it is essential that the onset date be correctly established").

[5]The ALJ also made inconsistent statements regarding several months of work activity by Plaintiff during 1991 and 1992.  (Compare tr. at 24 (stating that the work "was *not* consistent with substantial gainful activity"(emphasis added)), with tr. at 27 (stating that the work "was *at* substantial gainful activity level" (emphasis added)).

Under these circumstances, the Court concludes that this matter must be remanded for further proceedings, to include a re-hearing, if necessary. In remanding, the Court expresses no opinion as to whether Plaintiff was disabled on or before his DLI.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse or Remand Decision of the Commissioner **[Doc. No. 12]** is **granted** and this matter is **remanded** for further proceedings consistent with this decision.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE